UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV1436 HEA |
| | ) |
| DEPARTMENT OF DEFENSE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jesse Hunter for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action against the Department of Defense and DCMA St. Louis. Plaintiff alleges that defendants have violated his civil rights and have discriminated against him on the basis of a disability. The complaint seeks monetary relief.

## Discussion

The allegations in the complaint are duplicative of the allegations plaintiff pursued in Hunter v. Springer, 4:07CV917 HEA (E.D. Mo.), and Hunter v. Springer, 4:05CV2070 HEA (E.D. Mo.). As a result, the complaint will be, and is, dismissed as duplicative. E.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. #4] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of October, 2008.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE